UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-80122-CR-Middlebrooks

UNITED STATES OF AMERICA,

v.

ARMAN ABOVYAN,

        Defendant.
_____/



## BOND REVOCATION AND DETENTION ORDER

The Defendant, ARMAN ABOVYAN, appeared before the Court on August 31, 2018, for a hearing on the United States' Ex Parte Motion for Revocation of Release Pursuant to 18 U.S.C. §3148(b) ("Motion") [DE 57]. On June 26, 2018, at his initial appearance hearing, Defendant was released by United States Magistrate Judge William Matthewman on a $300,000 dollar amount personal surety bond ("Bond Order") [DE 11-1, Gov't Ex. 1]. The Court imposed all standard conditions, as well as several special conditions.

One such special condition was that Defendant "[a]void all contact with victims or witnesses to the crimes charged, except through counsel." *Id.* at p. 2. The undersigned explicitly advised Defendant at the bond hearing that "contact" included phone calls and text messages. A second special condition was that Defendant, a medical doctor, was only permitted to prescribe "Xanax, Alprozalam, Percoset, Tramadol and Adderal as medically necessary." [DE 11-1, p. 2]. The undersigned specifically advised Defendant that these were the only five controlled substances that he could prescribe and that Defendant should contact his probation officer and/or his counsel if he had questions about prescribing additional controlled substances. The

1

undersigned additionally advised Defendant that he had to seek and obtain court approval before prescribing any controlled substances not on the limited list of the five controlled substances approved by the Court.

In the Government's Motion and at the August 31, 2018 hearing, the Government requested that the Court revoke Defendant's bond and detain Defendant because he had violated two special conditions of his bond. At the hearing, the Government presented Special Agent John Gerrity of the FBI as a witness, and the Government also presented four exhibits. Agent Gerrity testified that an E-FORCSE prescriber activity report (Gov't Ex. 2) revealed that Defendant had prescribed, between June 26, 2018 and July 27, 2018, fifty-one (51) controlled substances not included on the Bond Order's list of five controlled substances.

Agent Gerrity also testified that he interviewed Andrea Buehler, a nurse-practitioner who had worked for Defendant at Reflections (a sober home), twice in the case. He interviewed her in 2017 and then again on August 30, 2018. Ms. Buehler told Agent Gerrity that she had informed Defendant in 2017 about her first FBI interview. Defendant became upset when she told him about her interview by the FBI. Ms. Buehler also stated to Agent Gerrity that, on August 14, 2018, Defendant left her a voicemail asking her how she was doing and asking her to contact him. *See* Gov't Ex. 3.[1] Ms. Buehler later spoke with Defendant, and Defendant said that he wanted her to be a defense witness. Ms. Buehler also showed Agent Gerrity a text message that she and Lindsay Callaghan, a second nurse-practitioner who had worked with Defendant during the time period at issue in the Indictment, had received from Amanda Paris, a third nurse-practitioner who had worked with Defendant during the time period at issue in the Indictment. *See* Gov't Ex. 4. The text message from Ms. Paris stated that Defendant had called her, that the three women might

---

[1] The voicemail was also played in court at the August 31, 2018 hearing.

2

be subpoenaed to testify on Defendant's behalf, and that Defendant wanted to speak with Ms. Buehler and Ms. Callghan. *Id.*

Defendant testified on his own behalf for the limited purpose of discussing the medications listed in the prescriber activity report. According to Defendant, a second doctor worked in his private practice until that individual retired in July 2018. Defendant believes that the other doctor prescribed morphine one time, and the prescription was mistakenly attributed to Defendant because both physicians' information was written on the bottom of the prescription pad. Defendant next testified that the medications listed in the prescriber activity report are generally from the same family or class as the controlled substances listed in the Bond Order or are generic versions of the controlled substances listed in the Bond Order. He stated that patients have been on certain drugs for years, and he was just prescribing refills. Defendant claimed that he asked his probation officer to visit the office to see the prescriptions he was writing, but the probation officer did not come. Defendant did admit, however, that he did not contact his attorney with questions or try to have the Bond Order modified to add the controlled substances he was actually prescribing. Defendant further explained that some of the controlled substances he prescribed were weaker than the controlled substances listed in the Bond Order and that he did not think he was materially violating the Bond Order. Finally, Defendant admitted that he prescribed opium tincture, which is not listed on the Bond Order.

Defense counsel also proffered that the Government has not yet provided a witness list in this case, and that Defendant mistakenly thought that he was allowed to contact defense witnesses, just not Government witnesses. Defense counsel additionally stated that Defendant was friendly with the women he contacted and that Defendant in no way threatened them. Defense counsel argued that this was all a misunderstanding and that Defendant did not intentionally violate the

conditions of his bond. Finally, defense counsel asserted that Defendant needs to be out of custody to prepare for his upcoming trial because of the volume of the evidence and the fact that the evidence is subject to a protective order.

The Government argued that Defendant has had contact with at least two witnesses in this case and that the no-contact bond condition applies to any witnesses—not just Government witnesses. The Government also proffered and presented evidence through Agent Gerrity that Ms. Buehler does have incriminating testimony against Defendant and that Defendant pre-signed blank prescriptions and gave them to Ms. Buehler, one of his nurse-practitioners. The Government also maintained that the Court was very clear during the bond hearing that Defendant could only prescribe the five specific controlled substances listed on the Bond Order.

Pursuant to 18 U.S.C. § 3148, "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Section 3148 further provides that the Court "shall enter an order of revocation and detention if, after a hearing, the judicial officer finds that there is…clear and convincing evidence that the person has violated any other condition of release; and finds that…the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(1)-(b)(2)(B); *United States v. Wingo*, 490 Fed. Appx. 189, 190-91 (11th Cir. 2012); *United States v. Molina*, 15-80222-CR-Marra/Matthewman, 2016 WL 2344577 (S.D. Fla. May 3, 2016).

Based upon the Government's Motion, the evidence presented at the hearing, the proffers from both the Government and Defendant, counsel's arguments, and the Court's review of the file, and as stated on the record at the August 31, 2018 hearing, the Court finds that there is clear and convincing evidence that Defendant violated two special conditions of his release and that

Defendant is unlikely to abide by any condition or combination of conditions of release.  The Court simply no longer trusts Defendant to comply with any of its orders.

Therefore, the United States' Ex Parte Motion for Revocation of Release Pursuant to 18 U.S.C. §3148(b) [DE 57] is **GRANTED**, and the Court orders that Defendant's bond be revoked pursuant to 18 U.S.C. § 3148.

Accordingly, **IT IS HEREBY ORDERED** that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility.  This Court also directs that Defendant be afforded reasonable opportunity for private consultation with counsel; and the Court directs that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 31st day of August, 2018.

*[signature]*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE