UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-80122-MIDDLEBROOKS

UNITED STATES OF AMERICA,

vs.

ARMAN ABOVYAN,

    *Defendant.*
_____/

### ARMAN ABOVYAN'S TIME-SENSITIVE MOTION FOR RECONSIDERATION OF ORDER DENYING BOND PENDING APPEAL

### INTRODUCTION

Back on April 9, we moved for bond pending appeal. This Court denied that motion on April 17, noting that it was "sympathetic to the[ pandemic] issues," and explaining that while Abovyan "has demonstrated, by clear and convincing evidence, that he is not likely to flee and that he does not pose a danger to the safety of any other person or the community if he were to be released," he had not demonstrated that there were substantial issues on appeal. Order at 3 (attached as Exhibit A). We ask the Court to reconsider its Order based on two changes circumstances: first, since this Court's Order, the Eleventh Circuit has granted oral argument in Mr. Abovyan's case (attached as Exhibit B), demonstrating that at the very least there are some "close" and "debatable" issues; and second, COVID-19 is now raging through FCI-Miami at a horrifying clip (*see* Miami Herald article July 17, attached as Exhibit C).

## ARGUMENT

This Court explained the standard for bond pending appeal in its previous Order. Abovyan must show that 1) he is not a risk of flight; 2) he is not a danger to the community; 3) there is a substantial issue being raised on appeal; and 4) exceptional reasons. The facts concerning the Court's analysis on issues 1 (risk) and 2 (danger) have not changed, so we will not address those here. But there are changed circumstances on issues 3 (substantial issue) and 4 (exceptional circumstances), which we will address.

### A. Abovyan has raised a substantial issue on appeal.

The Court's April 17 Order states: "I conclude that none of these perceived deficiencies present a close question that very well could be decided the other way." Since that time, however, the Eleventh Circuit has set this matter for oral argument. On July 9, the court of appeals scheduled the oral argument for the week of October 26, 2020. Only a small number of criminal cases are set for oral argument, and it generally shows that at least one judge is interested in the merits of the appeal. Just by way of example, the Eleventh Circuit only had oral argument on 11% of the cases for the 12 month period from September 2018-September 2019.[1] During that time, there were 3,405 cases terminated in the Eleventh Circuit and only 361 of them had oral argument, the lowest percentage in all federal courts of appeal. The takeaway from these striking statistics is that Abovyan's case does present some close questions that the court of appeals believes should be debated at an oral

---

[1] Statistics are pulled from the federal judiciary website, located at: https://www.uscourts.gov/sites/default/files/data_tables/jb_b10_0930.2019.pdf

argument.[2] Accordingly, circumstances have changed and we request that the Court take this into account in reconsidering the motion for bail.

### B. There are exceptional circumstances.

At the time we filed this motion back in April, there were no reported cases at FCI-Miami. But we, and everyone else except the Government, predicted that the Coronavirus would make its way to that prison. Although we were hopeful that the prison could effectively address the situation, it has not been able to. Currently, BOP is reporting 93 inmates with the virus and 8 staff.[3] But those numbers are likely greatly under-reported. The attached Miami Herald article, which details some of insane issues occurring at the prison, said that the "institution went from prison to petri dish in the span of a couple of weeks." And in speaking with different inmates at FCI-Miami, the conditions are even worse than being described in the press. Sick inmates are being put in rooms with healthy inmates. Everyone is on virtual 24 hour lockdown. Staff and inmates are, understandably,[4] panicking.

---

[2] Although there are no statistics on this, it is worth noting that anecdotally it appears to be even rarer to have oral argument set during the pandemic. Counsel has seen a higher number of cases decided on the papers during this time period.

[3] According to the Marshal Project, on July 14, at least 64,119 people in state and federal prison had tested positive for the illness, a 13 percent increase from the week before. https://tinyurl.com/y3c72uj7.

[4] The U.S. Attorney's Office is closed in Miami because there is understandable concern that the virus could spread even while employees are in their individual offices, social distancing, wearing masks, and taking other precautions. Imagine if prosecutors were told to go to work at the building if 101 other AUSAs and staff had the virus and that they would have to share offices with sick AUSAs. That is just the beginning of what the inmates and staff at FCI are being asked to endure. Because of the virtual 24-lockdown, inmates are also barely permitted to shower or otherwise keep clean.

\* \* \*

This Court has granted compassionate release in a number of other cases (including to the co-defendant in this very matter). We have not asked the Court for that relief and have chosen a more moderate request[5] –- bail until the appeal is decided. With oral argument at the end of October, there likely will not be a decision until at least the end of the year. Hopefully, the crisis will be better under control by then. If Mr. Abovyan wins his appeal, then he should not have been in prison in the first place. If he loses his appeal, he will go back to prison, but he will not have been exposed to the potentially deadly virus that is raging out of control at FCI-Miami. As this Court stated in *United States v. Sunil Chopra*, 18-Cr-20668-Middlebrooks: "I am guided by a simple truth: I sentenced Defendant to 48 months imprisonment, not death or confinement under threat of serious illness. His crime does not justify exposing him to that level of risk."

Respectfully submitted,

**MARKUS/MOSS PLLC**
40 N.W. Third Street, PH1
Miami, Florida  33128
Tel: (305) 379-6667
Fax: (305) 379-6668
markuslaw.com

By:   /s/ David Oscar Markus
      David Oscar Markus
      dmarkus@markuslaw.com

---

[5] If the Court would prefer a motion for compassionate release instead of this motion for bail, we respectfully request that the Court inform us of that in its Order.