UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-80122-CR-MIDDLEBROOKS(s)

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| ARMAN ABOVYAN, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## MOTION FOR RECONSIDERATION

Comes now the United States, by and through the undersigned Assistant United States Attorney, and hereby moves the Court to reconsider its Order on Defendant's Motion for Reconsideration of Order Denying Bond and Granting Bond Pending Appeal (DE 316). First, the United States did not have the opportunity to respond to the defendant's motion for reconsideration of this Court's prior order denying bond (DE 315). Second, the defendant is subject to mandatory detention and the Eleventh Circuit's decision to set the case for oral argument does *not* mean that the defendant's appeal presents a "substantial question of law or fact," especially given that the Eleventh Circuit rejected virtually the same arguments he presents now. Third, the existence of COVID-19 alone does not justify release.

A motion for reconsideration is appropriate in order to correct a clear error of law or prevent manifest injustice. *See, e.g.*, *Gougler v. Sirius Prods., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005); *Ass'n for Disabled Americans v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002). The grant or denial of a motion for reconsideration is left to the discretion of the district court. *See Champman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000).

1

The United States respectfully requests that the Court reconsider its prior order, because the defendant has not met the necessary factors to exempt him from his otherwise mandatory detention. Because the defendant is subject to mandatory detention under 18 U.S.C. § 3143(b)(2), the Court may only order his release if the Court finds: (1) by clear and convincing evidence that the defendant is not likely to flee or pose a danger to any other person or the community; (2) the defendant's appeal raises a substantial question of law or fact likely to result in (i) reversal; (ii) an order for a new trial; (iii) a sentence that does not include a term of imprisonment; or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process; *and* (3) "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." *See* 18 U.S.C. § 3145(c) and 18 U.S.C. § 3143(b)(1); *United States v. Meister*, 744 F.3d 1236, 1237 (11th Cir. 2013) (per curiam). The defendant must meet all of these conditions for the Court to grant his motion.

In his Motion for Reconsideration, the defendant argues that (1) the Eleventh Circuit's scheduling of oral argument on his appeal of his conviction and sentence satisfies the "substantial question of law or fact" factor, and (2) the presence of COVID-19 at FCI Miami establishes "exceptional reasons" for his release.

The United States submits that the mere scheduling of an oral argument in the appeal of the defendant's conviction and sentencing does not satisfy the necessary standard of a "substantial question of law or fact" under 18 U.S.C. § 3143(b)(1)(B). Not only is this a significant standard, as the United States previously set forth (*see* DE 308 at 6), but as the Eleventh Circuit has emphasized, this high standard requires a showing that the substantial question must be likely to result in reversal or new trial for "*all* counts on which imprisonment

2

has been imposed." *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985) (per curiam) (emphasis added). Simply scheduling an oral argument does not satisfy this standard, and certainly not for all nine counts of conviction imposed. If anything, the Eleventh Circuit has already shown that the defendant does not meet this standard by virtue of denying his motion for bond pending appeal.[1] *See* Order, *United States v. Abovyan*, 19-10676 (11th Cir. May 26, 2020). Indeed, the Eleventh Circuit's order shows that the defendant has failed to meet burden of establishing all of these factors. *United States v. Geer*, Case No. 03-20566-CR-LENARD/KLEIN, 2006 WL 8445810, at *2 (S.D. Fla. Jan. 10, 2006) ("[I]f [a] [d]efendant can demonstrate such exceptional circumstances *in addition to* satisfying the conditions of release set forth in 18 U.S.C. § 3143(b) … the Court has the discretion to override the mandatory detention provision and release [the defendant] pending appeal." (emphasis added)).

Even assuming that COVID-19 poses an exceptional reason for the defendant's release, his failure to satisfy all of the conditions of 18 U.S.C. § 3143(b)(1) means that he cannot be excepted from mandatory detention under 18 U.S.C. § 3143(b)(2). Again, the Eleventh Circuit's order denying his motion for bond pending appeal illuminates this failure. Nothing substantial has changed since May 26, 2020, when the Eleventh Circuit denied his motion. On that date, COVID-19 was no less of a threat to public health than it is now. His underlying appeal has been fully briefed since December 2019. The Eleventh Circuit found then that he had not satisfied the necessary requirements to warrant bond pending appeal and denied his motion, and the United States submits he still fails to satisfy these requirements.

The undersigned has consulted with counsel for the defendant regarding his position on this motion. The defendant opposes this motion.

---

[1] In its Motion to Stay Order (DE 317), the United States misstated that the Eleventh Circuit had affirmed this Court's order denying the defendant's bond pending appeal. The defendant filed a separate motion for bond pending appeal before the Eleventh Circuit, which it then denied.

3

The United States respectfully requests that the Court reconsider its prior order.

                                Respectfully submitted,

                                ARIANA FAJARDO ORSHAN
                                UNITED STATES ATTORNEY

By:   /s/ Alexandra Chase
       ALEXANDRA CHASE
       ASSISTANT UNITED STATES ATTORNEY
       District Court No. A5501746
       500 South Australian Avenue, Suite 400
       West Palm Beach, Florida 33401
       Tel: (561) 209-1011
       Fax: (561) 659-4526
       alexandra.chase@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 20, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                /s/ Alexandra Chase
                                ALEXANDRA CHASE
                                Assistant United States Attorney