**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 18-80122-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

ARMAN ABOVYAN,

      Defendant.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

18 U.S.C. § 3145(c) provides an exception to the detention mandated by § 3143(b)(2) upon finding: (1) by clear and convincing evidence that the defendant is not likely to flee or pose a danger to any other person or the community; (2) the defendant's appeal raises a substantial question of law or fact; and (3) it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate. *See* 18 U.S.C. §§ 3143(b)(1), 3145(c); *United States v. Meister*, 744 F.3d 1236 (11th Cir. 2013).

In my order dated April 16, 2020, I denied the defendant's Motion for Bond Pending Appeal. (DE 310). I found that the defendant was not likely to flee and that he did not pose a danger to the safety of any other person or the community. But I denied bond pending appeal because I did not believe any of the issues presented on appeal raised a substantial question of fact or law; in fact, I concluded "that none of these perceived deficiencies present[ed] a close question that very well could be decided the other way." (DE 310 at 4).

I did not reach the "exceptional reasons" question. The defendant, pointing to the risk that Covid-19 posed, particularly in light of his underlying medical conditions, argued that "restrictions adopted to protect citizens and slow the spread of Covid-19 are simply unfeasible in an

incarcerative environment, leaving prisoners completely exposed to the deadline virus." (DE 305 at 6). While I expressed sympathy for this predicament, I found him ineligible for relief because of my "substantial question" determination.

On July 17, 2020, the defendant filed a Time Sensitive Motion for Reconsideration of Order Denying Bond Pending Appeal. (DE 315). He asked for reconsideration based on two changes in circumstances, the fact that the Eleventh Circuit has granted oral argument in his appeal and the worsening conditions at FCI Miami, where the defendant was housed.

I granted the defendant's motion. (DE 316). I reinstated the $300,000 Personal Surety Bond entered on June 26, 2018 and added a special condition of home confinement with electronic monitoring. I found that the impact of Covid-19 within the prison constituted an exceptional circumstance.

The government asks me to reconsider and rescind the defendant's bond. (DE 319; DE 323). The government contends that Covid-19 does not constitute exceptional reasons for release and the defendant has not shown a substantial question of law or fact. In support of its contentions, the government points to a May 26, 2020 Order of the Eleventh Circuit, *see United States v. Abovyan*, No. 19-10676 (11th Cir. May 26, 2020), which denied a motion for bond on appeal filed by the defendant. I was unaware of that Order when I granted bond on July 26, 2020.

The Eleventh Circuit Order certainly gives reason for pause.

The Government argues that the Covid-19 threat is no greater today than it was back in May when the Eleventh Circuit's Order issued. (DE 319 at 3, Government's Motion for Reconsideration). But that is simply untrue. As the chief for infection prevention at Jackson Health System, Dr. Lillian Abbo, has said, "Miami is now the epicenter of the pandemic. What we were

seeing in Wuhan (China) six months ago. Now, we are there."[1] The situation is extremely grave with thousands of cases reported daily and the number of deaths rapidly increasing.

The situation at FCI Miami, where the defendant was housed, is serious. The Miami Herald reported on July 17, 2020: "Miami's Federal Correctional Institution went from prison to petri dish in a span of a couple weeks." Carli Teproff *et al.*, *COVID-19 races through Miami's federal prison*, MIAMI HERALD (July 17, 2020), https://www.miamiherald.com/news/local/community/miami-dade/article244236662.html. From a handful of cases, within just one week the Bureau of Prisons reported 93 cases, with 8 staff members also sick. *Id.* There is little ability to socially distance and, according to the FCI corrections officer's union president, a shortage of protective equipment. *Id.*

The defendant suffers from high blood pressure, he is overweight and a smoker—all conditions identified by the Center for Disease Control and Prevention as posing particular risk. These circumstances constitute an exceptional reason for release pending appeal.

The issue of whether the appeal presents a "substantial question of law or fact" is more difficult. The Eleventh Circuit defines a substantial question as

> one of more substance than would be necessary to a finding that it was not frivolous. It is a "close" question or one that very well could be decided the other way. Further, there are no blanket categories for what questions do or do not constitute "substantial" ones. Whether a question is "substantial" must be determined on a case-by-case basis.

*United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985).

I certainly do not believe the defendant's appeal is frivolous or brought for purpose of delay. But in my April Order, I found that it did not present a substantial question, one that could be decided the other way. (DE 310).

---

[1] *See, e.g.*, Terry Spencer, *et al.*, *Doctor: Miami becoming 'epicenter' of coronavirus outbreak*, CBS12 (July 15, 2020), https://cbs12.com/news/local/doctor-miami-becoming-epicenter-of-coronavirus-outbreak.

So what has changed? By notice dated July 9, 2020, after both my April Order and the Eleventh Circuit's May Order, the Court of Appeals set this case for oral argument. While I agree with the government that this does not necessarily mean that a substantial question is presented, it at the least points in that direction.

The Eleventh Circuit maintains a two-calendar system in the interest of efficient and appropriate use of judicial resources, control of the docket, minimizing unnecessary expenditure of funds, and to lessen delay in its decisions. Where upon examination, a panel of judges of the Court decides the case is frivolous, or that the dispositive issue or set of issues in the case has been authoritatively determined, or that the facts and legal arguments are adequately presented in the briefs and the decisional process would not be significantly aided by oral argument, it is placed on the Non-Argument Calendar. Eleventh Circuit Rule 34-3, Non-Argument Calendar. In the Eleventh Circuit, most cases are placed on the non-argument calendar. "[W]hen a case is set for oral argument in the Eleventh Circuit, the panel wants to talk to counsel for a reason." Kevin Golembiewski and Jessica Arden Ettinger, *Advocacy Before the Eleventh Circuit: A Clerk's Perspective*, 73 U. MIAMI L. REV. 1221, 1227 (2019). On average, the Eleventh Circuit has held oral arguments in just 13.2% of its cases over the last ten years and over the last five years that number has dropped to just over 10%. *Id.* at 1258.

It is apparent that at least one member of the screening panel saw the defendant's appeal differently than I did in my April Order. That does not mean he will prevail; I do not think that he will. But I conclude his appeal presents a substantial question.

Accordingly, it is **ORDERED AND ADJUDGED** that the Government's Motion for Reconsideration (DE 319) is **DENIED.**

4

**SIGNED** in Chambers at West Palm Beach, Florida, this 23rd day of July, 2020.

Donald M. Middlebrooks
United States District Judge